## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARGARET WARD,**<br>**P.O. Box 112541**<br>**Anchorage, AK 99511** ) ) ) ) | **Civil No.**_____ |
| **Plaintiff,** ) ) | **Date:  January 28, 2022** |
| **v.** ) ) | |
| **EQUAL EMPLOYMENT OPPORTUNITY**<br>**COMMISSION and**<br>**CHARLOTTE A. BURROWS, Chair, in her**<br>**Official Capacity,**<br>**131 M Street, NE**<br>**Washington, DC 20507** ) ). ) ) ) ) ) | **PETITION FOR**<br>**WRIT OF MANDAMUS** |
| **Defendants.** ) ) | |

## PETITION FOR WRIT OF MANDAMUS

Plaintiff Margaret Ward, by and through her undersigned representatives, hereby files this Petition for Writ of Mandamus pursuant to the Mandamus and Venue Act of 1962, 28 U.S.C. § 1361, and the Administrative Procedures Act, 5 U.S.C. §§ 701, *et seq.* As explained in more detail below, Ms. Ward seeks to compel the Office of Federal Operations ("OFO") of the Equal Employment Opportunity Commission ("Commission") to decide on her appeal, which was fully briefed on February 22, 2013, of an Initial Decision issued by an Administrative Law Judge on August 12, 2012. Ms. Ward initiated this matter in 1994 and now seeks to avoid further unnecessary delay in the vindication of her rights.

### JURISDICTION AND VENUE

1. This Court has jurisdiction over Plaintiff's petition pursuant to 28 U.S.C. § 1331, as this matter arises under the laws of the United States.

2. Additionally, this Court has jurisdiction pursuant to 28 U.S.C. § 1361, which grants to the district courts original jurisdiction over mandamus actions.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1), as the District of Columbia is a district in which the Defendant resides.

## PARTIES

4. Plaintiff Margaret Ward is domiciled and resides in Anchorage, Alaska. During all time material to this Petition, Ms. Ward has resided in Alaska.

5. Defendant U.S. Equal Employment Opportunity Commission ("EEOC") is an agency of the federal government. Its offices are located at 131 M St NE, Washington, DC 20002. The EEOC is charged with enforcing Title VII of the Civil Rights Act of 1964, as amended.

6. Defendant Charlotte A. Burrows is the Chair of the EEOC. She is being sued in her official capacity.

## EXHAUSTION

7. On April 13, 1994, Ms. Ward filed a Charge of Discrimination with the Alaska State Commission for Human Rights and the U.S. Equal Employment Opportunity Commission.

8. After a hearing before Administrative Law Judge ("ALJ") Susan L. Biro, in-person on June 7 to 9 and telephonically on June 20, 2011, ALJ Biro issued an Initial Decision on August 20, 2012.

9. On September 19, 2012, Ms. Ward filed a Notice of Appeal pursuant to 29 C.F.R. §§ 1603.301-302.

10. On September 19, 2012, Respondent State of Alaska filed a Notice of Cross-Appeal pursuant to 29 C.F.R. § 1603.302.

11. On November 9, 2012, the Commission issued an acknowledgement letter indicating receipt of both appeals and notifying Ms. Ward that the appeal and cross-appeal were going to be consolidated and docketed together.

12. Each party's appeal was fully briefed in or around February 22, 2013.

13. On August 23, 2016, Ms. Ward conveyed a letter to the Commission requesting a status update on her pending appeal, but she received no response.

14. On May 4, 2017, Ms. Ward conveyed another letter to the Commission requesting a status update on her pending appeal, but, again, she received no answer.

15. On May 10, 2018, Ms. Ward conveyed another letter to the Commission requesting a status update on her pending appeal, but that letter also went unanswered.

16. On August 8, 2018, Ms. Ward sent another letter to the Commission requesting a status update on her pending appeal.

17. In addition, counsel for Ms. Ward made numerous telephonic requests to act on the appeal.

18. Ms. Ward has sought to exhaust her administrative remedies pursuant to 29 C.F.R. §§ 1603.301-302, but she remains inhibited from completely exhausting as 29 C.F.R. § 1603.304(a) provides that "[t]he Office of Federal Operations shall prepare a recommended decision for consideration by the Commission," with no regulatory time constraints.

### BACKGROUND

19. Ms. Ward began her employment with the Governor's Office of the State of Alaska on or around December 6, 1990.

20. Ms. Ward served as Director of the Office of the Governor of Alaska, South Central Region.

21. On or around February 11, 1994, she conveyed to the Governor's Chief of Staff a complaint of sexual harassment from a subordinate who claimed she was being sexually harassed by a "Special Assistant" to the Governor of Alaska.

22. After an investigation was initiated, Ms. Ward began receiving different and negative treatment at work, which eventually culminated in the Governor's Chief of Staff causing Ms. Ward to be locked out of her office on March 4, 1994.

23. On March 6, 1994, Ms. Ward initiated a complaint with the EEOC by filling out an intake questionnaire.

24. On March, 11, 1994, Ms. Ward was placed on paid administrative leave.

25. On or around April 13, 1994, Ms. Ward filed a Charge of Discrimination with both the Alaska State Commission for Human Rights and the EEOC pursuant to the Government Employee Rights Act of 1991 ("GERA"). The Charge was served onto the State of Alaska on April 25, 1994, which responded on May 3, 1994.

26. On April 22, 1994, Ms. Ward received a Termination of Employment Memorandum.

27. Ms. Ward's charge was assigned to an Administrative Law Judge on March 12, 2004, for adjudication.

28. After fully briefing Alaska's Motion for Summary Judgment, on January 4, 2005 ALJ Avram Weisberger concluded that he lacked authority to rule on Alaska's

Eleventh Amendment sovereign immunity defense. ALJ Weisberger also denied Alaska's request for reconsideration on March 9, 2005.

29. However, on Alaska's motion, ALJ Weisberger certified the ruling on the summary judgment ruling for interlocutory review by the EEOC pursuant to 29 C.F.R. § 1603.213 and stayed proceedings.

30. On December 14, 2006, the EEOC ultimately declined to rule on Alaska's appeal and remanded the matter back to ALJ Weisberger for a hearing and decision pursuant to 29 C.F.R. § 1603.217. *See Alaska v. Ward*, 2006 EEOPUB LEXIS 6861, EEOC App. Nos. 11A40004, 11A40005 (Dec. 14, 2006).

31. Alaska filed a petition for review with the U.S. Court of Appeals for the Ninth Circuit on January 17, 2007.

32. Although a panel initially found that the Eleventh Amendment Immunity applied, on May 1, 2009, the Ninth Circuit, *en banc*, reversed and ultimately held that GERA abrogated Alaska's sovereign immunity.

33. On or around October 29, 2010, the EEOC subsequently assigned the matter to Chief Administrative Law Judge Susan L. Biro.

34. After completing discovery and determining that Alaska's discovery responses were insufficient for various reasons, Ms. Ward filed a Motion to Compel on February 17, 2011.

35. On April 11, 2011, ALJ Biro partially granted and partially denied Ms. Ward's Motion to Compel.

36. However, after Alaska failed to fully comply with ALJ Biro's April 11, 2011, Ms. Ward filed a Motion for Sanctions on May 20, 2011. Alaska filed a response on June 2, 2011.

37. ALJ Biro issued a ruling on June 6, 2011, ordering Alaska to produce the missing responsive documents or be barred from entering testimony associated with those documents.

38. At the first day of hearing on June 7, 2011, after hearing from Alaska on why it failed to produce all of the responsive documents, ALJ Biro adjourned the hearing and ordered Alaska to complete production of the missing documents.

39. On the following day, after Alaska again failed to fully produce all of the responsive documents for various reasons, ALJ Biro ruled on Ms. Ward's renewed Motion for Sanctions and, among other things, barred Alaska from introducing any evidence or testimony associated with the missing documentation.

40. The hearing concluded on July 20, 2011, and ALJ Biro issued an Initial Decision on August 20, 2012, in favor of Alaska.

41. On September 19, 2012, Ms. Ward filed a Notice of Appeal with the EEOC.

42. On September 19, 2012, Alaska filed a Notice of Cross-Appeal.

43. The Appeal and Cross-Appeal were fully briefed in or around February 22, 2013.

44. Since being fully briefed, The Commission has taken no action on the appeals.

### COUNT I – "Unreasonable Delay" in Violation of the Administrative Procedures Act, 5 U.S.C. §§ 701, *et seq.*

45. Paragraphs 1-39 above are hereby fully incorporated by reference as if set forth fully herein.

46. The Administrative Procedures Act, 5 U.S.C. §§ 701, *et seq.*, permits a district court to "compel agency action unlawfully withheld or unreasonably delayed." § 706(1).

47. The Commission's inaction on Ms. Ward's timely appeal has caused an "unreasonable delay" in violation of the Administrative Procedures Act, 5 U.S.C. §§ 701, *et seq.*

48. The Commission has failed to act on Ms. Ward's timely appeal for almost 9 years – 8 years and 11 months more precisely – which is wholly unreasonable and averse to the "rule of reason" as dictated by *Telecomms. Research and Action Ctr. (TRAC) v. FCC*, 750 F.2d 70 (D.C. Cir. 1984); *see NRDC v. United States EPA (In re NRDC)*, 956 F.3d 1134, 1138-39 (9th Cir. 2020).

49. The regulations implementing the GERA do not enumerate a timeframe by which the Commission must issue a decision but rather simply states that that the "Office of Federal Operations shall review the record and the appellate briefs submitted by all the parties . . . . [and] shall prepare a recommended decision for consideration by the Commission." 29 C.F.R. § 1603.304(a).

50. The delay in a decision by the Commission on Ms. Ward's appeal has severe implications both for her and similarly-situated litigants, as she and others are unable to proceed in litigating their claims until action is taken on their appeals.

51. Delays in adjudicating appeals pursuant to GERA and other similar civil rights statutes have an adverse effect on human welfare because unreasonable delays in addressing and remediating discriminatory acts of federal agencies and private employers is of the upmost importance and affects both the litigants themselves and

all similar employees who follow in terms of their a mental, and sometimes physical, well-being, as well as their economic interests.

52. Compelling the Commission to take action on Ms. Ward's appeal would not unduly or overtly affect competing priorities before the EEOC because the EEOC's entire mission is to "[p]revent and remedy unlawful employment discrimination and advance equal opportunity for all in the workplace."[1]

53. The unreasonable delay has had an increasingly prejudicial effect on Ms. Ward's interests. Ms. Ward initiated her Charge of Discrimination in 1994. As time passes, memories fade and individuals may either retire from federal service or, worse, die. Even assuming Ms. Ward does not ultimately prevail, the eventual option for judicial review still remains, but the continuous unreasonable delay causes irreversible prejudice and ultimately undercuts Ms. Ward's ability to obtain justice.

54. Under the totality of circumstances, the Commission's unreasonable delay violates 5 U.S.C. § 706(1).

55. As a result, Ms. Ward has suffered ongoing harm from the unreasonable delay and seeks mandamus relief so that she may continue litigation and ultimately seek closure in her pending matter.

## REQUESTED RELIEF

WHEREFORE, Plaintiff prays that this court:

56. Grant her mandamus relief pursuant to 28 U.S.C. § 1361;

---

[1] *See Overview*, EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, https://www.eeoc.gov/overview (last accessed on January 18, 2022).

57. Order Defendant to adjudicate Plaintiff's pending appeal in EEOC Charge No. 380-
    94-0841 within 30 days of the date of Judgment of this Court, or a reasonable time
    as determined by this Court; and

58. Grant other such relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Gary M. Gilbert
Gary M. Gilbert (Bar No. MD15808)
Elizabeth A. Wilson (admission forthcoming)
Gilbert Employment Law, P.C.
1100 Wayne Ave, Ste 900
Silver Spring, MD 20910
Tel: (301) 608-0880
Fax: (301) 608-0881
Email: gary-efile@gelawyer.com
*Plaintiff's Counsel*